## UNITED STATES  DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

**EDDIE JOHNSON**                                              **CIVIL ACTION**

**versus**                                                          **NO. 08-688**

**CORNEL H. HUBERT, WARDEN**                        **SECTION: "J" (1)**

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

---

[1]  Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily mandated determination.  According to Section 2254(e)(2), the district court generally may hold an evidentiary hearing only when the petitioner has shown that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i)) or the claim relies on a factual basis that could not have been previously discovered through the exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

On December 1, 1989, petitioner, Eddie Johnson, pleaded guilty in state court to distribution of cocaine in violation of Louisiana law.  On that same date, he was sentenced to a term of eight years imprisonment; however, that sentence was suspended, and he was placed on five years active probation.[2]

Many years later, on June 29, 2000, petitioner was found guilty of attempted forgery in violation of Louisiana law.[3]  A multiple bill of information was then filed, charging petitioner as a third offender.  On September 22, 2000, pursuant to a plea bargain, he pleaded guilty to being a second offender, with the 1989 conviction serving as the predicate conviction.  He was then sentenced as second offender to a term of ten years imprisonment without benefit of probation or suspension of sentence.[4]  On April 10, 2002, the Louisiana Fourth Circuit Court of Appeal affirmed that conviction and sentence,[5] and the Louisiana Supreme Court denied petitioner's related writ application on June 6, 2003.[6]

----

[2]  State Rec., Vol. I of V, transcript of December 1, 1989; State Rec., Vol. I of I, guilty plea form.

[3]  State Rec., Vol. II of V, minute entry dated June 29, 2000; State Rec., Vol. II of V, jury verdict form.

[4]  State Rec., Vol. III of V, transcript of September 22, 2000; State Rec., Vol. II of V, minute entry dated September 22, 2000.

[5]  State v. Johnson, 817 So.2d 283 (La. App. 4th Cir. 2002) (No. 2001-KA-1281); State Rec., Vol. III of V.

[6]  State v. Johnson, 845 So.2d 1081 (La. 2003) (No. 2002-KO-1647); State Rec., Vol. III of V. During the course of the appellate proceedings, petitioner apparently also filed with the state district court a "Motion to Correct an Illegal Sentence" which was denied.  State Rec., Vol. II of V, Judgment dated February 28, 2003.

On or after October 25, 2006, petitioner filed with the state district court an application for post-conviction relief.[7]  When he failed to receive a ruling on that application, he filed an application for a writ of mandamus with the Louisiana Fourth Circuit Court of Appeal.[8]  On January 30, 2007, the Court of Appeal construed that application as one for a supervisory writ and denied the post-conviction application as untimely.[9]  Petitioner then filed with the Louisiana Supreme Court an application for a writ of certiorari which was likewise denied on December 14, 2007.[10]

On January 6, 2008, petitioner filed the instant federal application for *habeas corpus* relief challenging his 1989 conviction.  The state argues that the instant petition must be dismissed because the Court lacks subject matter jurisdiction in this matter and, alternatively, because the application is untimely.

<u>Subject Matter Jurisdiction</u>

Federal district courts have jurisdiction to entertain petitions for writs of *habeas corpus* only from persons who are "*in custody* in violation of the Constitution or laws or treaties of

---

[7] There is no "file stamped" copy of that application in the state court record.  However, in his related application for a writ of mandamus, petitioner stated that the post-conviction application was mailed to the state district court on October 25, 2006.  State Rec., Vol. IV of V, Application for Writ of Mandamus, p. 1.  For the purposes of this decision, the undersigned will accept that representation as true.

[8] State Rec., Vol. IV of V.

[9] <u>State v. Johnson</u>, No. 2007-K-0064 (La. App. 4th Cir. Jan. 30, 2007) (unpublished); State Rec., Vol. IV of IV.

[10] <u>State *ex rel.* Johnson v. State</u>, 970 So.2d 528 (La. 2007) (No. 2007-KH-0750); State Rec., Vol. V of V.

the United States." 28 U.S.C. §§ 2241(c)(3) and 2254(a) (emphasis added).  As the states notes in its response, once a sentence imposed for a conviction has completely expired, a federal *habeas corpus* petitioner is no longer considered to be "in custody" with respect to that conviction.  <u>Maleng v. Cook</u>, 490 U.S. 488, 492 (1989).  Therefore, because petitioner's sentence for the 1989 conviction expired long ago, he is not "in custody" on that conviction.  Accordingly, if the instant petition is construed as challenging only that conviction, this Court clearly lacks subject matter jurisdiction.

However, *if* a petitioner is "in custody" for a subsequent conviction, and *if* the sentence imposed for that subsequent conviction was enhanced based on the prior conviction, *then* the *habeas corpus* petition alleging the invalidity of the prior conviction may be construed as a petition challenging the *subsequent* sentence.  In that circumstance, the custody requirement is met and the jurisdictional problem no longer exists.  <u>Maleng</u>, 490 U.S. at 493-94.  That scenario exists in this case.  Therefore, out of an abundance of caution, and construing the instant petition "with the deference to which *pro se* litigants are entitled," <u>see</u> <u>id</u>. at 493, the Court will consider the instant petition as a challenge to the 2000 multiple offender adjudication and sentence.  Nevertheless, even when so considered, the instant petition still must be dismissed for at least two other reasons.

<u>Timeliness</u>

First, even if the instant petition is considered as a challenge to the 2000 multiple offender adjudication and sentence, it is untimely.[11]  The Antiterrorism and Effective Death Penalty

---

[11]  Because the state did not construe the petitioner's application as a challenge to 2000 multiple offender adjudication and sentence, the application's timeliness in that context was not discussed.  However, because the state did not expressly waive that defense, and because the federal application when so construed is in fact clearly untimely, the Court hereby raises that defense *sua sponte*.  <u>See</u> <u>Day v. McDonough</u>, 547 U.S. 198, 209-11 (2006).  The Supreme Court noted that when a court so

Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[12]

As noted above, with respect to the 2000 conviction and sentence, the Louisiana Supreme Court denied petitioner's writ application on direct review on June 6, 2003. Therefore, under § 2244(d)(1)(A), his conviction became "final" ninety (90) days later, i.e. on September 4, 2003, when his period expired for seeking a writ of certiorari from the United States Supreme Court. See Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003); Ott v. Johnson, 192 F.3d 510, 513 (5th Cir. 1999); Chester v. Cain, Civ. Action No. 01-1958, 2001 WL 1231660, at *3-4 (E.D. La. Oct. 15, 2001); see also U.S. Sup. Ct. R. 13(1). Accordingly, petitioner's one-year period for seeking federal

---

acts on its own initiative, it must accord the parties fair notice and an opportunity to present their positions. Id. Accordingly, *petitioner is hereby specifically instructed that this Report and Recommendation is notice to him that this Court is sua sponte raising the issue of limitations and that petitioner must submit any evidence or argument concerning the limitations defense as part of any objections he may file to this report.* See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).

[12]   Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, the alternative provisions are not applicable in the instant case.

*habeas corpus* relief commenced on that date and expired on September 7, 2004,[13] unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no applications attacking the 2000 conviction and sentence pending before any state court at any time from September 5, 2003, through September 7, 2004.[14]

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof

---

[13]   In 2004, September 4 was a Saturday, September 5 was a Sunday, and September 6 was a legal holiday. Therefore, the limitations period expired on September 7. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, or a legal holiday, the period runs until the end of the next day that is not one of those days).

[14]   The Court notes that petitioner filed a state post-conviction application on or after October 25, 2006. However, because that application was filed *after* the expiration of the statute of limitations, it can have no bearing on the timeliness of petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002).  Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief challenging the 2000 habitual offender adjudication and sentence had to be filed on or before September 7, 2004, in order to be timely.  Petitioner's federal application was not filed until January 6, 2008,[15] and it is therefore untimely.

Lackawanna

Second, even if petitioner's federal application had been timely filed, which it was not, he still would not be entitled to federal *habeas corpus* relief.  In the instant federal application, petitioner claims that the 1989 conviction used to enhance his current sentence was invalid.  That claim is barred by Lackawanna County District Attorney v. Cross, 532 U.S. 394 (2001), in which the United States Supreme Court stated:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the

---

[15]   Petitioner dated his federal application "1-06-07"; however, from the petition it is evident that it was in fact signed on January 6, 2008 .  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

enhanced sentence through a petition under § 2254 on the ground that
the prior conviction was unconstitutionally obtained.

Id. at 403-04 (citation omitted).[16]

Petitioner's 1989 conviction is no longer open to direct or collateral attack, in that his sentence for that conviction has fully expired and his limitations period for any such attack ended long ago. Therefore, he may not challenge his current enhanced sentence in a § 2254 application on the ground that the 1989 conviction was illegal.

## <u>RECOMMENDATION</u>

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Eddie Johnson be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[16]   The Supreme Court noted that the <u>Lackawanna</u> prohibition would not apply when it is argued that the predicate conviction was unconstitutional because it was obtained where there was a failure to appoint counsel as required by <u>Gideon v. Wainwright</u>, 372 U.S. 335 (1963). <u>Lackawanna</u>, 532 U.S. at 404. That limited exception is inapplicable in this case. Petitioner was represented in the 1989 proceeding by attorney Chris Comarda. State Rec., Vol. I of V, transcript of December 1, 1989.

The Supreme Court further noted that the <u>Lackawanna</u> prohibition may not apply if the federal *habeas corpus* petition is, effectively, the first and only forum available for review of the challenge to the prior conviction. <u>Id.</u> at 405; <u>see also</u> <u>Flot v. Cain</u>, Civ. Action No. 05-6439, 2007 WL 2491388, at *9 n.33 (E.D. La. Aug. 30, 2007). That potential exception is also inapplicable here, in that petitioner clearly could have challenged the use of the 1989 conviction to enhance his current sentence either at the multiple offender hearing or in his direct appeal of the 2000 conviction and sentence.

a failure to object.  <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en

banc).

     New Orleans, Louisiana, this sixth day of March, 2008.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**